IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                ORDER

        v.                                                 05-cr-4-bbc-1

GEORGE L. GOINS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of George L. Goins's supervised release was held on April 10, 2013, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Robert A. Anderson. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U. S. Probation Officer Michael D. Harper.

      From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on July 19, 2005, following his conviction for possessing more than five grams of a mixture or substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 844(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 140 months with a 36-month term of supervised release to follow. On March 11, 2008, the sentence was amended to a term of

imprisonment of 120 months with a 36-month term of supervised release. On October 17, 2011, the sentence was amended to time served and a 36-month term of supervised release. Defendant began his term of supervised release on April 6, 2012.

Defendant violated Special Condition No. 4, which prohibits him from using illegal drugs. On February 28, 2013, defendant admitted that he had used marijuana daily from February 3 through February 15, 2013.

Defendant violated Standard Condition No. 5, which requires him to work regularly at a lawful occupation unless excused by the probation officer, as evidenced by his January 30, 2013 termination from employment at Hooter's in Janesville for job abandonment.

Defendant violated Standard Condition No. 3 and Standard Condition No. 11 requiring him to answer truthfully all inquiries by the probation officer and to report police contact within 72 hours. On January 25, 2013, he was a passenger in a vehicle driven by Kelsey Williams when she was pulled over by an officer with the La Crosse, Wisconsin, police department, and arrested for carrying a concealed weapon and endangering safety/use of a dangerous weapon. He failed to report the police contact within 72 hours and when he was questioned about it, he told the probation officer that Ms. Williams was arrested for failure to pay her fines.

Defendant again violated Standard Condition No. 3, requiring him to answer truthfully all inquiries by the probation officer, when on February 20, 2013, he reported falsely that he had been staying at his approved residence since February 15, 2013.

Defendant's conduct falls into the category of a Grade C violation. Section

2

7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

Defendant had difficulty adjusting to life outside prison. He failed to take full advantage of the programs provided him. I believe that he would benefit from another placement in a residential reentry center and from mental health treatment. Accordingly, I will continue defendant's supervised release, but I will modify the conditions.

## CONCLUSIONS

Although defendant's actions demonstrate a disregard for the conditions of his supervised release, an alternative to revocation will be implemented.

## ORDER

IT IS ORDERED that defendant is continued on supervised release. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of Special Condition No. 6:

> Spend up to 180 days in a residential reentry center, specifically Fahrman Center, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant is to remain in custody until a vacancy at Fahrman Center is available.

Entered this 10th day of April 2013.

BY THE COURT:

*[signature]*

BARBARA B. CRABB
U.S. District Judge